(42 App. Div. 515.)

### JONES v. NICHOLS et al.

(Supreme Court, Appellate Division, Fourth Department. July 18, 1899.)

1. EJECTMENT—COMPLAINT.

A complaint which alleges that plaintiff, being the owner of and in possession of certain premises, deeded the same to defendant in consideration of his agreement to support plaintiff, that such agreement was embodied in the deed and in a contemporaneous written agreement, that such instruments also provided that on default said deed was to be void, that defendant has wholly failed to support plaintiff, and which prays for possession of the premises and damage for withholding the same, states a good cause of action in ejectment.

2. APPEAL—RECORD—EXHIBITS.

An appellate court cannot consider exhibits made a part of the record where it does not appear that they were received in evidence.

Adams, J., dissenting.

Appeal from special term, Oswego county.

Action by Sarah A. Jones against William J. Nichols and others. From a judgment entered in favor of defendants on an order of a referee, plaintiff appealed. Reversed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

J. W. Shea, for appellant.
S. C. Huntington, for respondents.

McLENNAN, J. The action was commenced on the 19th day of January, 1896, to recover possession of certain premises situate in the town of Albion, Oswego county, described in the complaint.

It is alleged in the complaint that on January 1, 1894, and for some time prior thereto, the plaintiff was lawfully possessed, as owner in fee simple, of the premises described in the complaint, having received the title thereto from her husband, one Osmon.

Jones; that the plaintiff, being such owner and in possession, deeded the same to the defendants Nichols upon the express consideration that the defendants Nichols would care for, support, protect, clothe, feed, and furnish the plaintiff and her infant daughter Edith, in ·accordance with the terms and conditions of said deed and a written agreement executed contemporaneously therewith; and that, in case of failure so to perform, said deed was to be void, and of no 'force and effect.

It is then alleged that the defendants Nichols wholly failed to so perform, and that said deed thereupon became wholly void and of no effect; that the defendants, notwithstanding their failure to so perform in any respect, on the 10th day of January, 1894, entered into the possession of said premises, and unlawfully withhold the same from the plaintiff, to her damage in the sum of $300. ' The plaintiff demands immediate possession of said premises, together with the sum of $300 for the use and occupation thereof. The answer interposed to the complaint by the defendants is a general denial.

The issues so framed were, by an order duly made, sent to a referee to hear, try and determine the same. Independent of the report of the referee, ·there is nothing to indicate when or where the case was tried; nothing to indicate what evidence was taken or proceedings had before the referee. Independent of such report, it cannot be determined by the record that any trial of the issues was ever had before the referee.

The referee in his report states: That he has been attended by the attorneys for the respective parties. That he listened to the opening address of counsel for the plaintiff, and he repeats a portion of what he claims the counsel for the plaintiff said in his opening; and the report of the referee then proceeds: "And the defendants thereupon moved for a dismissal of the complaint, and for judgment dismissing the complaint, on the ground that it appeared from the pleadings and opening of counsel that plaintiff's remedy, if she had any, was an action on the covenants contained in said deed or agreement, or an action to establish and foreclose a lien upon the premises referred to in the complaint." That, after oral argument by respective counsel, and after written briefs had been filed, and the respective parties having stipulated that the agreement and will and pleadings might be considered by the referee in determining the action, "I do find and decide and order that said motion to dismiss the complaint herein upon the pleadings and upon the opening of counsel, and for judgment accordingly, be, and the same hereby is, granted; that the defendants have final judgment against the plaintiff dismissing the complaint herein with costs to be taxed; ·and I direct that final judgment be entered accordingly." The learned referee then states the grounds of his decision, and adds: "Copies of said will, deed, and agreement are‧ hereto annexed, marked Exhibits 'A,' 'B,' and 'C,' respectively." There is nothing to show that Exhibits A, B, and C were offered or received in evidence. The record contains a stipulation, signed by the attorneys for the respective parties, as follows: "It is hereby stipulated by and between the attorneys for the

separate parties herein that the foregoing copies of notice of appeal, judgment roll, report of referee, exceptions to said report, exhibits, and order sittings, 'case' and exceptions, are true and correct copies of the originals as filed in the office of the clerk of Oswego county, and of the whole thereof."

Upon the complaint we think a good cause of action in ejectment is stated. The opening of plaintiff's counsel does not appear in the record, and therefore cannot be considered by this court. The record does not show that the entire title of the plaintiff to the premises in question came to her through the will of Osmon R. Jones, referred to by the referee as "Exhibit A," or that the deed called by the referee "Exhibit B" is the one referred to in the plaintiff's complaint, or that "Exhibit C" is the agreement referred to in such complaint. The record in this case is entirely insufficient to enable the court to determine the rights of the respective parties. Whether such rights depend upon the will of the plaintiff's deceased husband, the deed which the plaintiff executed to the defendants Nichols, and the agreement which it is alleged was executed contemporaneously with such deed, can only be guessed at. It follows that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered; costs to appellant to abide the event.

SPRING and NASH, JJ., concur; HARDIN, P. J., in result.

ADAMS, J. (dissenting). While the record in this case is certainly not what it ought to be, yet I think it is sufficient for the purposes of this appeal. The judgment roll shows that the case was, by consent of the plaintiff's attorney, referred to a referee to hear and decide the same, and the referee's report indicates that not only was a trial had before him, but it states explicitly what took place at that trial, and no question as to the accuracy of such statement is raised by either counsel. This being the case, it is apparent that upon the trial both the deed from the plaintiff to the defendants William and Alice Nichols, and the agreement between the parties entered into contemporaneously therewith, were received in evidence. This deed, which is absolute in form, does not contain any provision for re-entry or forfeiture, nor does the contemporaneous agreement to which it refers; and nothing appears in either instrument to warrant the inference that the estate conveyed was intended to depend upon the performance of a condition, either precedent or subsequent. Indeed, it seems to me quite clear that, within well-settled rules the language of both instruments must be so construed as to import a covenant, and not a condition. Graves v. Deterling, 120 N. Y. 447, 24 N. E. 655; Cunningham v. Parker, 146 N. Y. 29, 40 N. E. 635. And, if so, it necessarily follows, in view of the admission made by counsel in opening the case to the referee, that the plaintiff has mistaken her remedy. I think the judgment appealed from should be affirmed.